```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

```
LaQUAN LEDBETTER                  :
                                  :            PRISONER
     v.                           :  Case No. 3:03CV1999(WWE)
                                  :
TOWN OF EAST HARTFORD, et al.¹    :
```

MEMORANDUM OF DECISION

Plaintiff LaQuan Ledbetter ("Ledbetter") currently is confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Ledbetter alleges that he was confined for three days at the East Hartford Police Station. During that time, all of his clothing was removed and he was deprived of portions of some meals. Defendant Town of East Hartford and defendants Connally and Juergens in their official capacities have filed a motion to dismiss. They have also moved to dismiss plaintiff's claims against defendants Connally and Juergens in their individual capacities. Also pending is defendants' motion

---

¹The named defendants are Town of East Hartford, CT; East Hartford Police Department; Sgt. C. Connally; Sgt. T. Juergens; and Police officers John Doe #1, John Doe #2 and Jane Doe #1. On August 16, 2004, the court dismissed the case because plaintiff failed to comply with a court order that he provide service documents and identify the John and Jane Doe defendants. (See Docs. ##7, 8.) On November 16, 2004, the court granted plaintiff's motion to reopen this case only as to the claims against defendants Town of East Hartford, Connally and Juergens. (See Doc. #13.)

for leave to depose the bail commissioner.  For the reasons that follow, both motions will be granted except to the extent that the court will deny the defendants' motion to dismiss claims against Connally and Juergens in their individual capacities.

I.   Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir.

2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

II.  Facts

For the purposes of deciding this motion, the court assumes that the following allegations are true.

On Saturday, December 1, 2001, Ledbetter and four other individuals were arrested in East Hartford, Connecticut.  He was taken to the East Hartford Police Department where he was confined over the weekend.  Police officers required Ledbetter to remove all of his clothing and turned on the air conditioner.  They did not provide him a blanket and denied him certain meals and beverages.  Video cameras in the police lock-up recorded all of the incidents.  Defendants Connally and Juergens were the sergeants supervising the police department during the weekend Ledbetter was confined there.

III. Discussion

Defendants Town of East Hartford and Connally and Juergens move to dismiss all claims against them in their official capacities.  They contend that Ledbetter fails to satisfy the requirements to state a claim against the Town or Connally and

3

Juergens because he has not alleged facts showing that a municipal policy or custom led to the alleged constitutional violations.

A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. See Monell v. Department of Social Servs., 436 U.S. 658, 694-95 (1978). Ledbetter must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Ledbetter has alleged no facts to suggest the existence of a municipal policy or custom in this case.  The incident he describes appears to be an isolated occurrence.  See Stengel v. City of Hartford, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more that a single isolated incident).  Because he has not alleged facts suggesting that this practice occurred at other times as well, Ledbetter fails to state a claim against the Town of East Hartford.

Ledbetter also names defendants Connally and Juergens in their official capacities.  Any claim against a municipal official or employee in his official capacity is considered to be a claim against the municipality.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).  Because the court has determined that Ledbetter

fails to state a claim against the Town of East Hartford, he also fails to state a claim against defendants Connally and Juergens in their official capacities.

Defendants also argue that Ledbetter cannot state a claim against defendants Connally and Juergens in their individual capacities.  Specifically, they contend that Ledbetter has not alleged facts to support a claim of supervisory liability on the part of the individual defendants.

Defendant Connally and Juergens were supervisors at the police department during the weekend that Ledbetter was confined there.  "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002).  Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of respondeat superior is inapplicable in section 1983 cases.  See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).  To state a claim for supervisory liability, Ledbetter must allege facts demonstrating that defendants Connally and Juergens failed to act on information regarding Ledbetter's allegedly unconstitutional treatment or that they were grossly negligent in failing to supervise their subordinates and show a causal link between this inaction and the injury he suffered.  See Leonard, 282 F.3d at 140.

Ledbetter alleges that he was denied clothing for the entire

5

weekend and that he was repeatedly harassed by police officers. Assuming these allegations are true, as the court must when reviewing a motion to dismiss, the court cannot conclude at this time that Ledbetter would be unable to present evidence demonstrating that defendants Connally and Juergens were grossly negligent in supervising the police officers on duty.  Thus, defendants' request to dismiss the claims against defendants Connally and Juergens in their individual capacities will be denied.

IV.   Motion to Depose Bail Commissioner [doc. #21]

Defendants also seek leave to depose Bail Commissioner John Schroder regarding Ledbetter's complaints about the conditions of his confinement at the East Hartford Police Department during the weekend of December 1, 2001.  They note that a court order is required because state law provides that the report of the Bail Commissioner is confidential and not subject to subpoena.  See Conn. Gen. Stat. §54-63d(e).  Ledbetter has not opposed the motion.

Research has revealed no cases regarding the parameters of the confidentiality required under this statute.  However, Ledbetter alleges that he was confined under unconstitutional conditions during the weekend of December 1, 2001.  Thus, the court concludes that he is not entitled to any confidentiality regarding the bail commissioner's observations of his conditions

6

of confinement.  Defendants' motion will be granted to permit a deposition of the bail commissioner only as to the conditions of confinement that he observed or any complaints from Ledbetter regarding those conditions.

V.   Conclusion

The motion to dismiss [**doc. #20**] is **GRANTED** as to all claims against defendant Town of East Hartford and the claims against defendants Connally and Juergens in their official capacities and **DENIED** as to claims against Connally and Juergens in their individual capacities. Defendants' motion to depose the bail commissioner [**doc. #21**] is **GRANTED** with the caveat that the bail commissioner should be deposed only with regard to his observations or Ledbetter's complaints regarding the conditions of Ledbetter's confinement in the East Hartford Police lock-up during the December 1, 2001 weekend.

On October 6, 2005, mail service on defendants Connally and Juergens in their individual capacities was returned unexecuted. To enable the U.S. Marshal to effect personal service on these two defendants, Ledbetter is directed to complete one of the enclosed service forms and summons forms for each defendant. Ledbetter is directed to include on the forms an address at which each defendant may be found.  The court notes that Ledbetter used the address for the East Hartford Town Hall on his previous

forms.  These defendants do not work at the town hall and cannot be served personally at that address.

Ledbetter is directed to return the completed forms and two copies of his complaint to the court within **twenty (20)** days from the date of this order.  Failure to return the forms and copies will result in the dismissal of this case without further notice from the court.  Upon receipt of the forms, the Clerk is directed to forward service packets to the U.S. Marshal Service.  The marshal is directed to personally serve defendants Connally and Juergens within **thirty (30)** days from the date the service packets are delivered to the U.S. Marshal Service and to file a return of service within **forty (40)** days from the same date. Defendants Connally and Juergens are directed to appear in their individual capacities within **thirty (30)** days from the date of service of summons.

**SO ORDERED** this __8th_____ day of November, 2005, at Bridgeport, Connecticut.

_____/s/_____

Warren W. Eginton
Senior United States District Judge